**FILED**

MAR 21 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 12-70309 MAG (DMR) |
| Plaintiff, ) | |
| v. ) | DETENTION ORDER |
| ) | |
| TIMOTHY JEFFREY, ) | |
| Defendant. ) | |

## I. BACKGROUND AND INTRODUCTION

Defendant Timothy Jeffrey is charged in a criminal complaint with a violation of 18 U.S.C. § 922(g) (felon in possession of a firearm). On March 16, 2012, the United States moved for Mr. Jeffrey's detention pursuant to the Bail Reform Act, and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study, which recommended Mr. Jeffrey's detention. On March 21, 2012, the court conducted a detention hearing. For the reasons stated below, the court orders that Mr. Jeffrey be detained.

DETENTION ORDER
CR 12-70309 MAG (DMR)                        1

cc: Copy to parties via ECF, Pretrial Services, 2 Certified Copies to US Marshal

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or danger to the community. Close cases should result in release: "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, pretrial release should be denied "[o]nly in rare circumstances." *Motamedi*, 767 F.2d at 1405; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act; "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception"). Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405.

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person

or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

The affidavit supporting the criminal complaint alleges that a store employee summoned the police upon belief that Mr. Jeffrey intended to rob the store. The employee observed Mr. Jeffrey throw a gun into the waste basket as Defendant was leaving the premises. Police officers stopped Mr. Jeffrey for questioning, at which time Mr. Jeffrey admitted that the discarded gun -- a loaded Pietro Beretta -- belonged to him. The police also found a 30 round magazine and 29 9-mm ammunition.

Mr. Jeffrey is 31 years old and has lived in Pittsburg, California his entire life. He attended high school through eleventh grade, and has never been employed. On advice of counsel, Mr. Jeffrey declined to provide information about use of illicit substances. The government proffered that Mr. Jeffrey is an admitted gang member. Mr. Jeffrey has a substantial criminal record dating back to juvenile arrests for drug and weapons charges. Between 2002 and 2006, he sustained approximately nine misdemeanor convictions for various offenses, including several separate instances of giving false information to a peace officer, receiving stolen property, a hit and run incident with property damage, obstructing or resisting a public officer, petty theft, and car theft. In late 2006, he was convicted on what appears to be a felony weapons charge. He sustained a second felony weapons conviction in 2008. Most recently, he received a felony conviction in 2010 for receipt of stolen property.

Mr. Jeffrey has been on probation since 2001, and on parole since December 2008. He violated parole several times, resulting in his incarceration in state prison. According to his current parole officer, Mr. Jeffrey has also sustained multiple parole violations for absconding, using controlled substances, and domestic violence. However, he is not currently subject to a parole hold.

In light of Mr. Jeffrey's long criminal record which includes weapons and drug charges, as well as the fact that all of his convictions occurred while on community supervision, the court finds clear and convincing evidence that Mr. Jeffrey presents a danger to the community, and that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the

1 | safety of any other person or the community. 18 U.S.C. § 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

Mr. Jeffrey shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: March 21, 2012

_____
DONNA M. RYU
United States Magistrate Judge

DETENTION ORDER
CR 12-70309 MAG (DMR)                4